653 N.W.2d 621 (2002)
PEOPLE of the State of Michigan, Plaintiff-Appellee,
v.
Victor Lee WALKER, Defendant-Appellant.
Docket No. 120909, COA No. 236108.
Supreme Court of Michigan.
December 3, 2002.
On order of the Court, the application for leave to appeal from the November 28, 2001 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court. The motion for immediate consideration is also considered, and it is DENIED.
CORRIGAN, C.J., concurs and states as follows:
I concur in the order denying leave to appeal. I write separately to explain why defendant has not satisfied the prejudice prong of his ineffective assistance of counsel claim.
Following a jury trial, defendant was convicted of kidnapping, M.C.L. § 750.349, felonious assault, M.C.L. § 750.82, and possession of a firearm during the commission of a felony, M.C.L. § 750.227b. Defendant's retained appellate lawyer filed a claim of appeal, but the Court of Appeals dismissed the claim because it was not filed within forty-two days of the judgment of sentence as required by MCR 7.204(A)(2)(c).[1] Defendant then retained a second appellate lawyer, who filed an application for a delayed appeal within the one-year deadline set forth in MCR 7.205(F)(3). The application advanced substantive appellate arguments on defendant's behalf. The Court of Appeals denied the application for lack of merit in the grounds presented.[2]
Defendant now seeks leave to appeal to this Court. He contends that his first appellate lawyer's failure to file a timely claim of appeal was ineffective assistance of counsel.
In Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the United States Supreme Court addressed an ineffective assistance of counsel claim arising from an attorney's failure to perfect an appeal. The Supreme Court adhered to the test articulated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): a defendant must show (1) that counsel's representation "fell below an objective standard of reasonableness," and (2) that the "deficient performance prejudiced the defendant...." Flores-Ortega, supra at 476-477, 120 S.Ct. 1029. While a defendant generally must demonstrate prejudice, prejudice may be presumed where "the violation of the right to counsel rendered the proceeding presumptively unreliable or entirely nonexistent." Id. at 484, 120 S.Ct. 1029. Thus, "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Id.
Assuming arguendo that counsel's performance was constitutionally deficient,[3] *622 defendant has not established that the deficient performance led to a forfeiture of his appeal. Michigan has a unique appellate process. Failure to file a timely claim of appeal under MCR 7.204(A)(2) does not eradicate a defendant's opportunity to seek direct appellate review of his conviction. Under MCR 7.205(F), a defendant who does not perfect a timely claim of appeal may file an application for a delayed appeal within twelve months of the order or judgment on the merits.
Defendant's second retained appellate lawyer filed an application for a delayed appeal within the twelve-month deadline. The Court of Appeals reviewed the substantive arguments advanced in the application and concluded that they lacked merit. Thus, defendant was not deprived of an appeal and has not satisfied the prejudice prong of his claim.
The dissent presumes prejudice from the first appellate lawyer's failure to perfect a claim of appeal. No basis for a presumption exists in this case. Under Flores-Ortega, prejudice is presumed where the denial of counsel has rendered the entire judicial proceeding nonexistent or presumptively unreliable. Appellate proceedings in this case continued despite the failure to perfect a claim of appeal. Unlike the state appellate system reviewed in Flores-Ortega, Michigan permits direct review of a conviction to be sought where a timely claim of appeal has not been perfected. Our procedure of delayed review by application may be invoked to continue the appellate process.[4] Accordingly, *623 Flores-Ortega does not support the dissent's presumption of prejudice.[5]
MICHAEL F. CAVANAGH, J., would remand to the Court of Appeals as on leave granted.
MARILYN J. KELLY, J., dissents and states as follows:
I would grant leave to appeal.
A defendant seeking to establish that he is entitled to relief as a result of his attorney's substandard performance must demonstrate that (1) counsel's representation fell below an objective standard of reasonableness and (2) the deficient performance caused prejudice to the defendant. Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), the United States Supreme Court held that, because counsel's deficient performance deprived the defendant of an appeal he would have otherwise taken, counsel's performance was constitutionally deficient and prejudicial. Id. at 484, 120 S.Ct. 1029.
In this case, counsel's conduct was constitutionally deficient. I disagree with Chief Justice CORRIGAN that Michigan's "unique appellate process," ante at 622, standing alone, is sufficient to remove the presumption of prejudice from all cases where appellate counsel has failed to timely file a requested claim of appeal. When an attorney makes that error and thereby forfeits a defendant's right to appeal, the defendant surely will have been prejudiced if the Court of Appeals denies leave without reaching the issues. I would grant leave in this case to consider whether defendant can establish prejudice given that the Court of Appeals denied leave on the basis of the merits.
Strickland requires that, to meet constitutional prerequisites, an attorney's representation of a criminal defendant must be "reasonably effective." Id. at 687, 104 S.Ct. 2052. Although "[n]o particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel" and "[j]udicial scrutiny of counsel's performance must be highly deferential," id. at 688-689, 104 S.Ct. 2052, it is well settled that a lawyer who disregards a defendant's instructions to file a claim of appeal is representing her client in a constitutionally deficient manner. See Flores-Ortega, supra at 477, 120 S.Ct. 1029; Peguero v. United States, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999); Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969).
The attorney here was retained by defendant specifically to pursue his appeal in this case and failed to file the claim of appeal in a timely manner. As a result, defendant's appeal was dismissed for lack of jurisdiction. "Counsel's failure to do so cannot be considered a strategic decision; filing a [claim] of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes." Flores-Ortega, supra at 477, 120 S.Ct. 1029. Thus, I disagree with the Chief Justice's suggestion that a question might exist concerning whether counsel's representation was deficient.[1]
*624 I also find troubling the Chief Justice's suggestion that Michigan's "unique appellate process" alleviates the prejudice suffered by defendants who are denied an appeal of right because of counsel's deficient representation. Normally, a defendant who alleges a claim of ineffective assistance of counsel is required to show that specific errors of counsel led to an adverse outcome in his case. See Strickland, supra at 693, 104 S.Ct. 2052; United States v. Cronic, 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). However, where an error is of such magnitude that it actually or constructively denies a defendant the assistance of counsel altogether, it requires a presumption of prejudice. See id.; Smith v. Robbins, 528 U.S. 259, 286, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000); Penson v. Ohio, 488 U.S. 75, 88-89, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).
Similarly, the "denial of [an] entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, ... demands a presumption of prejudice." Flores-Ortega, supra at 483, 120 S.Ct. 1029. Where, as here, a defendant has established that, but for the deficiency in counsel's representation, he would have sought an appeal of right, a presumption of prejudice arises. See id. at 484-485, 120 S.Ct. 1029.
Our "unique appellate process," ante at 622, is not a mystical panacea that automatically palliates the prejudice suffered when a defendant loses his right to appeal because his attorney failed to timely file a claim of appeal. It merely allows a defendant to beseech the Court of Appeals for forgiveness of his temporal error. Leave to be heard may be denied. See MCR 7.205(D)(2) & (F). Thus, there is no guarantee that the Court will reach the merits of the issues presented, as there is on an appeal of right.
The fact that defendant Walker has the opportunity to petition for delayed review does not, in and of itself, alleviate the prejudice he suffered. It gives the state the opportunity to rebut the presumption of prejudice because the Court of Appeals reached the merits of the claims presented. However, if the Court of Appeals had denied leave without reaching the merits, *625 the presumption would have remained intact. Defendant would be entitled to an appeal without a further showing of prejudice. See Peguero, supra at 28, 119 S.Ct. 961. Similarly, given that the Court denied leave to appeal on the merits, defendant Walker might demonstrate that the quality of the Court of Appeals review of the merits of his claims was diminished. If he succeeded, he would remain entitled to an appeal as of right.
I believe that defendant Walker has presented at least one other possibility of prejudice. Under the Michigan Court Rules, on an appeal of right if a party requests oral argument the Court of Appeals may not dismiss the appeal without oral argument. The exception is where, after review of the briefs and record on appeal, a unanimous panel concludes that the claims lack merit. See MCR 7.214(E). In this case, the panel that dismissed Walker's claims for lack of merit was divided. It ruled without providing him the opportunity for oral argument. Had the Court of Appeals followed this course of action on his appeal of right, defendant would have a viable claim that he was denied procedural due process. See MCR 7.214(A)(establishing a procedural right to oral argument once properly requested by a party).
Leave should be granted to enable this Court to review these important issues.
NOTES
[1] Unpublished order, entered December 6, 2000 (Docket No. 230193).
[2] Unpublished order, entered November 28, 2001 (Docket No. 236108).
[3] I respectfully disagree with the dissent's assertion that I have addressed the issue of deficient performance. In truth, I have confined my analysis to the prejudice prong of defendant's claim. I do not address deficient performance because sufficient prejudice has not been shown. This approach to resolving a claim of ineffective assistance has been expressly approved by the United States Supreme Court. See Strickland, supra at 697, 104 S.Ct. 2052:

Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one. In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed. Courts should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result. [Emphasis added.]
The dissent has essentially rewritten my concurring statement to rebut a position that I have not taken. I decline to debate an issue that we need not reach.
The dissent also assertswithout explanationthat the United States Supreme Court has already decided that counsel's conduct was constitutionally deficient. I do not know what the dissent means by this statement. The United States Supreme Court has not reviewed counsel's conduct in this case. Moreover, the Supreme Court has expressly rejected a bright-line rule or a rule per se in this area. Flores-Ortega, supra at 480, 481, 120 S.Ct. 1029. Because defendant has not demonstrated prejudice, I decline to address whether defendant has satisfied the deficient performance prong.
[4] The dissent argues that delayed appellate review does not "alleviate the prejudice [defendant] suffered." Ante at 624. The dissent assumes that prejudice exists and then argues backward from that proposition, thereby inverting the appropriate method of analyzing prejudice. A court must determine that prejudice exists before that court can consider whether the prejudice has been "alleviated."

The defendant has the burden of demonstrating prejudice unless a circumstance justifying a presumption exists. No presumption is warranted here. The dissent discusses individual aspects of our appellate processes and ignores the central issue. An appellate avenue remained open to defendantthe process of direct appellate review was not rendered "entirely nonexistent." Flores-Ortega, supra at 484, 120 S.Ct. 1029.
[5] The dissent hypothesizes that prejudice would exist if, under similar circumstances, the Court of Appeals were to deny leave without reaching the merits of the arguments advanced in the application. That hypothetical scenario is not before us. In this case, the Court of Appeals plainly considered the merits of defendant's arguments.
[1] Chief Justice CORRIGAN's concurrence clearly contemplates the possibility that counsel's conduct might not be constitutionally deficient. The plain meaning of the Chief Justice's statement that she is "[a]ssuming arguendo [i.e., to take without proof or pretend for the sake of argument, see Random House Webster's College Dictionary (2001), p. 82; Ballentine's Law Dictionary (3d ed.), p. 91; Garner, The Elements of Legal Style (Oxford: Oxford University Press, 1991), p. 103] that counsel's performance was constitutionally deficient," ante at 621, is that, although she does not reach the issue, a question remains. Even in her rebuttal to this argument, the Chief Justice assumes an issue that may need to be decided in future cases. See ante at 621, n. 3 ("I decline to debate an issue that we need not reach." [Emphasis added.]).

I agree with the Chief Justice that Strickland would not require us to decide whether counsel's representation is constitutionally defective if such a question exists and defendant failed to show prejudice. I merely point out that, if defendant were to establish prejudice, there is no question whether counsel's conduct is constitutionally deficient. The United States Supreme Court has already decided that it is. As a result, I do not believe that this case presents a situation where "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice," or where acknowledging binding precedent from the United States Supreme Court would "become so burdensome to defense counsel that the entire criminal justice system suffers as a result." Strickland, 466 U.S. at 697, 104 S.Ct. 2052(emphasis added).
It is the duty of this Court to provide clarity and guidance for the future decisions of lower courts. While we should not muddy the waters by endeavoring to decide unnecessary issues, it is unhelpful to contribute to the opacity of the issues by inferring questions where none exist. Thus, I can see no rational basis for proceeding as though the United States Supreme Court were silent on the issue.